70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur Jackson BURTON, Plaintiff-Appellant,
v.
Ted STRASSBURG, Defendant-Appellee.
 No. 95-1274.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1995.
 
 Before: WELLFORD, NELSON and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Arthur Jackson Burton, a Michigan state prisoner, appeals pro se the summary judgment for defendant in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Burton sued his former Assistant Resident Unit Manager, alleging that the defendant had filed a false misconduct charge against him in retaliation for a previous grievance filed by Burton. Defendant moved for dismissal or summary judgment, and Burton responded. The matter was referred to a magistrate judge, who recommended that defendant be granted summary judgment. After de novo review in light of Burton's objections, the district court concluded that, while the defendant's conduct may have been retaliatory, it did not rise to the level of a violation of Burton's substantive due process rights. Summary judgment was entered for the defendant, and this appeal followed.
 
 
 3
 Upon review, we conclude that the summary judgment for defendant must be affirmed, as there is no genuine issue of material fact and he is entitled to judgment as a matter of law. See LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 4
 In this case, Burton alleged a chronology of events from which retaliation could plausibly be inferred. See Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987) (per curiam). However, the defendant's conduct in this case simply did not amount to an egregious abuse of power which shocks the conscience. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). As noted by the magistrate judge, openly filing an unfounded charge which the defendant may have known would not hold up is simply not as egregious as the surreptitious planting of contraband on a prisoner that was involved in Cale. See id. at 953 (Nelson, J., concurring). Moreover, the district court properly concluded that the fact that the unfounded charge against Burton was dismissed and he suffered no punishment as a result prevented Burton from establishing a substantive due process claim. Cf. Franco v. Kelly, 854 F.2d 584, 590 (2d Cir.1988).
 
 
 5
 Accordingly, the summary judgment for the defendant is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.