**Jimmie Lee RILEY, Plaintiff,**

v.

**"John Doe" COUTU, Property Room Officer, Defendant.**

Civil Action No. 93–CV–40515–FL.

United States District Court,
E.D. Michigan,
Southern Division—Flint.

February 18, 1997.

Jimmie Lee Riley, Jackson, MI, for Plaintiff.

Donald J. Allen, Jr., Asst. Atty. Gen., Corrections Div., Lansing, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DISPOSITIVE MOTION AND ORDER TO SHOW CAUSE

NEWBLATT, Senior District Judge.

Before the Court is defendant Leo Coutu's motion to dismiss or for summary judgment (D.E.# 67) and plaintiff Jimmie Lee Riley's response thereto. For the reasons that follow, the motion is DENIED and defendant's counsel is HEREBY ORDERED TO SHOW CAUSE why sanctions should not be imposed against him for violation of Fed. R.Civ.P. 11.

### I. *Defendant's Motion*

On July 16, 1993, defendant filed his first motion to dismiss or for summary judgment in this case. That motion was fully briefed and a Report and Recommendation ("R & R") was entered by Magistrate Judge Marc L. Goldman on March 8, 1994 (D.E.# 24). In his R & R, the Magistrate Judge addressed, *inter alia,* whether plaintiff's First Amendment claims of retaliation and interference with access to the courts could withstand dismissal or summary judgment under Rules 12(b)(6) and 56(c), Fed.R.Civ.P. The Magistrate Judge reported that plaintiff had

> asserted facts showing that defendant did destroy his legal documents, that he was prejudiced by that destruction and that the destruction was retaliatory in nature. By doing so, he has established genuine issues of material fact which must be resolved by trial.

R & R at 8–9. The Magistrate Judge recommended that defendant's motion to dismiss and for summary judgment on the First Amendment claims be denied.

Defendant filed objections to the R & R, and, after consideration thereof, District Judge Nancy G. Edmunds entered an order Accepting and Adopting the Report and Recommendation in its entirety (D.E. # 38). Defendant did not move for reconsideration of that order, and that ruling became the law of the case.

Discovery proceeded and the deadline for filing pretrial motions passed on October 29, 1994. Thereafter, this case suffered a considerable delay, with a series of transfers between district judges culminating in its assignment to my docket. On September 11, 1996, a telephone conference was conducted in order to determine the status of the case and whether the parties were prepared for trial. During that conference, defendant requested, and the Court granted, leave to file a dispositive motion based upon a change in the case law since adjudication of defendant's original motion in 1994. Thereafter, defendant filed the present motion.

### A. *Access to the Courts*

■ Despite the limited scope of the leave granted to defendant—to argue for pretrial disposition of this case based upon the recently changed state of the law—for the most part defendant's motion consists of reargument of his prior motion and the arguments presented by him as objections to the Magistrate Judge's R & R. Defendant begins his

motion properly enough, with citation to *Lewis v. Casey,* —— U.S. ——, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), a recent Supreme Court decision in which the high court required that prisoners suing state officials for violation of their First Amendment right of meaningful access to the courts must demonstrate *actual injury. Id.* at ——, 116 S.Ct. at 2180. In so holding, the Supreme Court reversed a decision by the Court of Appeals for the Ninth Circuit, and clarified that although the Court's opinion in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), made no mention of an actual-injury requirement, such an omission did not overturn that constitutional prerequisite which had been established over the previous 35–year line of access-to-the-courts cases. *Lewis,* —— U.S. at ——, 116 S.Ct. at 2180. Thus, the Supreme Court's opinion in *Lewis* effected a change in the law regarding meaningful access-to-the-courts claims in the Ninth Circuit, and in any other circuit courts of appeals which might have obviated the actual-injury requirement.

In his motion, defendant argues that plaintiff has failed to demonstrate either that defendant confiscated or destroyed any of plaintiff's property or that plaintiff suffered an actual injury regarding his right of meaningful access to the courts. These arguments fail for two reasons. First, without making an independent ruling, the Court notes that plaintiff filed both a verified complaint and a verified answer to defendant's original motion in which he attested that defendant did confiscate and destroy some of his legal property and that he suffered an actual injury in pursuing other legal actions due to the absence of those materials. Second, those very same arguments were presented by defendant either in his original motion or in his objections to the R & R. The findings noted above were made by the Magistrate Judge in his R & R and were adopted by Judge Edmunds over defendant's objections.

While it is true that defendant has presented new case law at the Supreme Court level, the holding in *Lewis* did not change the standard long followed in the Sixth Circuit that requires a. showing of actual injury to successfully state a denial of access-to-the-courts claim. *See Walker v. Mintzes,* 771 F.2d 920, 931–32 (6th Cir.1985) (holding that *Bounds* required proof that prisoner-plaintiff was in fact denied adequate access to courts to state First Amendment violation) Incredibly, while defendant bases this part of his motion on the "new" law espoused by the Supreme Court in *Lewis,* he also identifies that "[t]he Sixth Circuit has long recognized the requirement of an actual injury which it described as actual prejudice in pending litigation." Defendant's motion brief at 5, *citing Walker,* 771 F.2d 920 (without pinpoint citation). Thus, since the law of this circuit has not been changed—and, indeed, defendant was aware of that fact—defendant cannot make this argument based upon a change in the law.

Furthermore, upon review of the R & R, the Court notes that the Magistrate Judge himself relied upon *Walker* and, in fact, stated the requirement that the prisoner-plaintiff make "some showing of prejudice or actual injury" and establish actual prejudice to his access to the courts, proving "that his filings have been stricken, or that a pending case has been dismissed or prejudiced." R & R at 7. As indicated above, the Magistrate Judge found that plaintiff had produced evidence that defendant destroyed some of his legal property which resulted in actual prejudice to plaintiff.

Defendant's reargument of his prior motion—employing the very same standard previously applied by the Magistrate Judge—reaches the point of frivolity in his factual argument that plaintiff has failed to demonstrate actual injury. Defendant's discussion of plaintiff's prior litigation, and his assertion that none of these lawsuits were prejudiced by the alleged destruction of legal property, is taken word for word from his previously filed objections to the Magistrate Judge's R & R. *See* defendant's response brief at 5–9; defendant's objections at 8–12. Despite those objections, Judge Edmunds adopted the R & R. Thus, the present argument already has been made and rejected in this case. It is incredulous that defendant could believe this argument could be relitigated at

this time based upon a non-existent change in the law of this circuit.

### B. *Retaliation for Exercise of First Amendment Rights*

Defendant also argues in his present motion that plaintiff's allegations fail to state a claim for retaliation. This argument is no less frivolous than that addressed above.

■ Defendant begins by acknowledging the correct standard governing a § 1983 claim of retaliation for exercise of one's First Amendment rights. It is beyond dispute that retaliation by government officials against persons for exercising their First Amendment rights is itself a violation of the First Amendment. *Zilich v. Longo*, 34 F.3d 359, 364 (6th Cir.1994); *Reichert v. Draud*, 701 F.2d 1168, 1170 (6th Cir.1983); *see generally*, *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). In prosecuting such a claim, the plaintiff has the burden of establishing that his conduct was protected by the First Amendment and that such protected conduct was a substantial or motivating factor behind the defendant's conduct. *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576; *Reichert*, 701 F.2d at 1170. No liability will attach, however, if the defendant can establish by a preponderance of the evidence that he would likely have acted as he did even in the absence of the protected conduct. *Mt. Healthy*, 429 U.S. at 287, 97 S.Ct. at 576; *Reichert*, 701 F.2d at 1170. Defendant argues that plaintiff cannot factually support the conclusory allegation of retaliatory motive and argues that his own denial of retaliatory intent requires summary judgment.

■ As with defendant's first argument, the Court disagrees that plaintiff has failed to support his allegations. From the language allegedly used by defendant during his alleged confiscation and destruction of plaintiff's legal property, plaintiff has produced evidence from which retaliatory intent or motivation could be inferred. Merely because defendant has denied any such statements or actions does not require summary judgment in his favor. To the contrary, such a dispute of fact requires adjudication by trial. Moreover, this argument is not one based upon new law and, therefore, the Court need not make a ruling upon the evidence nor address the argument with any great detail.

■ Defendant goes on to argue that the standard for a retaliation claim requires a substantive due process, "shocks-the-conscience" analysis, *see* defendant's motion brief at 11–13, and at one point irrelevantly makes the unsupported legal statement that plaintiff has failed to demonstrate that defendant chilled his activities, *id.* at 11.[1] Not only is defendant's due process argument misplaced—it relies upon three cases which did not involve *First Amendment* retaliation claimsit also is supported by two unpublished opinions of which no copies were provided to the Court or, presumably, to plaintiff.[2]

In addition to failing to serve copies of the cited, unpublished opinions, a reading of the three-page opinion in *Burton v. Strassburg*, No. 95–1274; 1995 WL 697228 (6th Cir., Nov. 20, 1995), as found in the Westlaw computer database, does not indicate a change in the law governing First Amendment retaliation claims. In fact, it is far from clear that this case involved a First Amendment retaliation claim. On the face of the Sixth Circuit opinion, the prisoner's claim appears to have been for a substantive due process violation. There is absolutely no evidence that the claim was one involving deprivation of the plaintiff's First Amendment rights. Defendant is correct that in *Burton* "[t]he Court of Appeals reaffirmed the principle stated in *Cale* [3] that a defendant's conduct must

---

1. There is no requirement in a retaliation claim to prove that the retaliatory conduct has chilled future conduct, only that it is in retaliation for the prior exercise of a constitutionally-protected right.

2. Counsel should be aware that citation to unpublished opinions is disfavored in the federal courts of the Sixth Circuit. Sixth Circuit Rule 24(c). Moreover, where a party relies upon an unpublished opinion a copy of that opinion must be served upon all other parties and the court. *Id.*

3. *Cale v. Johnson*, 861 F.2d 943 (6th Cir.1988). This case involved a claim that state officials violated the plaintiff's substantive due process rights by retaliating against him for complaining about his prison food. *Cale* discussed only whether the alleged retaliatory action was a vio-

amount to an egregious abuse of authority or behavior which shocks the conscience to sustain plaintiff's burden" *in that case.* However, to apply either of these substantive due process cases as authority in the First Amendment context at best represents a gross and reckless misinterpretation of the record presented in those opinions. Finally, defendant's citation to *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995),—although new case law—is likewise irrelevant, as that case did not involve a First Amendment retaliation claim. *See Id.,* 515 U.S. at —— n. 11, 115 S.Ct. at 2302 n. 11. (Court dismissed prisoner-respondent's procedural due process claim but noted prisoners retain protection from arbitrary deprivation of First, Eighth, and Fourteenth Amendment rights where appropriate).

While this section of defendant's brief at least presents a new argument, the principles argued are not based upon a change in the case law. The law involving retaliation under a due process analysis is not applicable where the plaintiff has stated that the retaliation was for exercise of a specific, enumerated constitutional right. *See Zilich,* 34 F.3d at 365 (and cases cited therein).

## II. *Order to Show Cause*

By his motion, defendant has caused the Court to expend considerable time in the wasteful pursuit of frivolous arguments not based upon a change in the law. What the Court has discovered is that the Magistrate Judge applied the very standard now espoused by the Supreme Court in *Lewis* and the Magistrate Judge made the specific legal finding that plaintiff had presented sufficient facts which precluded summary judgment on the remaining issues. Defendant makes the very same factual arguments that he did in his objections to the R & R, and those arguments were overruled by Judge Edmunds. Such a blatant disregard for the rules of procedure and attempt to have me rule on issues already decided in this case to defendant's disadvantage cannot go unpunished. Moreover, defendant makes his retaliation argument based upon law that was settled at

the time of his prior motion and makes an unfounded argument for application of the substantive due process "shocks the conscience" analysis. Defendant's counsel's conduct is a patent violation of Rule 11.

Therefore, defendant's counsel is HEREBY ORDERED TO SHOW CAUSE why he should not be sanctioned for filing a motion where the legal issues either had been previously adjudicated in this case or were well settled at the time of his previous motion and thus defendant had absolutely no basis in law or fact to reasonably expect a different result. Defendant's counsel shall file a response to this Show Cause Order within ten days of the date hereof, indicating why his motion was not filed in violation of Rule 11(b), Fed.R.Civ.P.

SO ORDERED.

lation of the prisoner's substantive due process rights. There is no indication that the plaintiff

pursued a claim under the First Amendment.